APR 28 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THE LEISER LAW FIRM, PLLC,<br>    Plaintiff,<br><br>    -v-<br><br>THE SUPREME COURT OF VIRGINIA, *et al.*,<br>    Defendants. | Civil No. 1:14-cv-407<br><br>Hon. Liam O'Grady |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 14). Plaintiff has opposed the motion, and the defendants have replied. (Dkt. Nos. 21, 22). Having considered the pleadings and heard oral argument, the court grants the motion to dismiss for the reasons that follow.

**I. BACKGROUND**

This action arises out of a Virginia trial court's entry of an order sustaining a demurrer to several of plaintiff's claims in a tort action. On March 2, 2009, Phillip Leiser and the Leiser Law Firm, PLLC ("Leiser" or "plaintiff") filed a tort suit against a former employee and the employee's wife in the Circuit Court of Fairfax County ("circuit court"). The defendants in that action filed a demurrer to the ten-count complaint. Leiser filed a written opposition and the circuit court heard oral argument on April 30, 2010. At the conclusion of oral argument, Judge Brett A. Kassabian of the circuit court sustained the demurrer to three of the ten counts without

leave to amend, resulting in the dismissal of the employee's wife as a defendant and dismissal of Leiser's business conspiracy claims against both defendants. Pl.'s Am. Compl., ¶¶ 29-31.

On May 7, 2010, Leiser moved the circuit court to reconsider and requested leave to amend the complaint. On May 13, 2010, the circuit court suspended its April 30, 2010 judgment pending review of the motion for reconsideration. On July 21, 2010, the court denied the motion to reconsider without oral argument. On April 11, 2011, the day of trial on the remaining seven counts, Leiser non-suited the remaining claims.

Leiser petitioned to appeal the circuit court's sustaining of the defendants' demurrer to the Supreme Court of Virginia. A panel of three Justices heard oral argument on August 3, 2011, and the court issued an order on September 9, 2011 denying the petition for appeal. The order stated that "[u]pon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal." Pl.'s Am. Compl., ¶ 77. Leiser filed a petition for rehearing which was denied on November 14, 2011.

On April 16, 2014, plaintiff filed a declaratory judgment action in this Court pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 1983 against the Supreme Court of Virginia, then Chief Justice Cynthia D.F. Kinser, the Circuit Court of Fairfax County, and Judge Brett A. Kassabian. An amended complaint was filed on September 19, 2014. Plaintiff's declaratory action alleges that the Virginia courts violated the law firm's federal constitutional rights. Specifically, Leiser argues that the circuit court violated Leiser's rights under the Privileges or Immunities, Equal Protection, and Due Process Clauses of the 14th Amendment by allegedly dismissing certain of Leiser's claims and denying the motion to reconsider without articulating the reasons for those

decisions. Leiser further argues that the circuit court erroneously construed Virginia law in dismissing its claims. The Virginia Supreme Court also allegedly violated plaintiff's constitutional rights by denying the appeal petition without issuing a written opinion explaining the reasons for the denial. Finally, Leiser also alleges that the decision to affirm the trial court constituted error under Virginia law.

Leiser asks this Court to declare that the firm's constitutional rights were violated as a result of the allegedly erroneous and conclusory state court judgments. Essentially, plaintiff's claims can be distilled to two main arguments, procedural and substantive. The procedural argument is that the state court orders did not sufficiently explain the reasons for the judges' decisions. The substantive argument is that the Virginia Supreme Court abused its discretion by failing to apply Virginia law to plaintiff's case.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. The court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction. Fed. R .Civ. P. 12(h)(3). The burden is on the plaintiff to establish that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A district court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* (citing *Twombly*, 550 U.S. at 555).

Courts in the Eastern District of Virginia have considered whether a case or controversy exists under the Declaratory Judgment Act in the context of both Rules 12(b)(1) and 12(b)(6). *Compare Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 509-510 (E.D. Va. 2014) (applying Rule 12(b)(6) standard in ruling on a motion to dismiss a declaratory judgment action), *with Norfolk Dredging Co. v. Phelps*, 433 F. Supp. 2d 718, 720-21 (E.D. Va. 2006) (considering motion to dismiss a declaratory judgment action under Rules 12(b)(1) and 12(b)(6)), *and Standard Fire Ins. Co. v. Armstrong*, No. 3:12cv181, 2012 WL 3730644, at *2 (E.D. Va. Aug. 28, 2012) (applying Rule 12(b)(1) standard in ruling on motion to dismiss a declaratory judgment action). Here, the distinction is immaterial because the parties' jurisdictional arguments rely entirely on the allegations, thus presenting a motion governed by virtually the same standard of review as a motion to dismiss pursuant to Rule 12(b)(6). Thus, for purposes of the instant motion, the standard the Court considers is the same under both Rule 12(b)(1) and 12(b)(6).

### III. DISCUSSION

In the instant motion, defendants argue that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim because there is no case or controversy and the Rooker-Feldman doctrine bars jurisdiction.

4

## A. Jurisdiction under the Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The United States Court of Appeals for the Fourth Circuit has identified three elements to assist in determining whether there is jurisdiction in a declaratory judgment action. There must be (1) an actual controversy between the parties of sufficient reality to warrant issuance of a declaratory judgment; (2) an independent basis for jurisdiction; and (3) the court cannot abuse its discretion in exercising jurisdiction. *See Kettler Int'l v. Starbucks Corp.*, 2014 WL 5461842, at *5 (E.D. Va. Oct. 21, 2014) (citing *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004)). Even where jurisdiction exists, district courts have discretion to decline to entertain declaratory judgment actions. *See Volvo*, 386 F.3d at 594 (stating that a district court may decline to exercise declaratory jurisdiction when it has "good reason" to do so).

In order for an actual controversy to exist for the purpose of declaratory judgment jurisdiction, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Standard Fire Ins. Co. v. Armstrong*, 2012 WL 3730644, at *3 (E.D. Va. Aug. 28, 2012) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The court must be able to provide "specific relief through a decree of a conclusive character." *Id.*

Here, there is no substantial controversy because plaintiff has not properly alleged any constitutional violations. In relevant part, § 1983 provides that any person who, acting under

5

color of state law, violates the constitutional rights of another shall be liable, "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[1]

To state a cause of action pursuant to § 1983, Leiser must allege facts supporting a plausible inference that its constitutional rights were violated by the defendants. *See Branch v. Machen*, 2014 WL 6685497, at *2 (E.D. Va. Nov. 25, 2014). To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law. *See Davis v. Rao*, 583 F. App'x 113, 114 (4th Cir. 2014). Assuming *arguendo* that plaintiff has an identified property interest in the outcome of the lawsuit, it is plain that plaintiff has not alleged a violation of due process.[2] With respect to the circuit court, Leiser has not presented sufficient facts regarding the language of the circuit court's order. In the absence of that language, this Court is unable to infer that the trial court's order was constitutionally deficient. With respect to the Virginia Supreme Court, the facts that are presented demonstrate that Leiser unquestionably received due process.

Plaintiff's primary authority for its assertion of a procedural due process violation is *Goldberg v. Kelly*, 397 U.S. 254 (1970), a decision that is not on point with the case at bar. In

---

[1] Plaintiff argues that § 1983 thus provides for declaratory actions against judges. Defendants argue that § 1983 does not provide a cause of action for declaratory judgments, and further that the statute of limitations on that claim has expired. The Court assumes without deciding that § 1983 allows plaintiffs to bring declaratory actions against judges and that Leiser's claims are not time-barred because even if plaintiff's claim is timely, no constitutional violation has been alleged in this case.

[2] Plaintiff has also failed to state claims for the other 14th Amendment violations alleged in the complaint. Plaintiff is a law firm organized as a professional limited liability company. Corporations are not citizens within the meaning of the Privileges or Immunities Clause of the 14th Amendment. *See Grosjean v. Am. Press Co.*, 297 U.S. 233, 244 (1936); *see also Cinema Art Theater, Inc. v. City of Troy*, 810 F. Supp. 2d 489, 495 (N.D.N.Y. 2011). However, corporations are "persons" within the meaning of the Equal Protection Clause. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (internal citation and quotation marks omitted). No facts have been alleged supporting a claim for violation of the Equal Protection Clause.

*Goldberg*, the United States Supreme Court held that due process required a pre-termination evidentiary hearing before discontinuance of public assistance payments to welfare recipients. *Goldberg*, 397 U.S. at 267-268. The Court further held that the city of New York's procedures were constitutionally deficient because welfare recipients were not permitted to appear personally before the official making the final determination on continued eligibility. *Id.* at 268. Recipients were thus barred from presenting evidence orally or cross-examining adverse witnesses. *Id.*

The instant case is entirely distinguishable from *Goldberg*. Leiser has sued a state supreme court, not an administrative agency. Plaintiff has not identified a single case in which a federal court applied *Goldberg* to review of a state court's procedures. Moreover, even if the court were to apply *Goldberg*, the facts are clearly distinguishable. The plaintiff in that case received no hearing before termination of welfare benefits. Here, Plaintiff has received judicial hearings in the Virginia courts and Plaintiff appeared at the hearings through counsel.

Leiser also brings a substantive due process claim, arguing that because the Virginia Supreme Court's denials of appeal petitions constitute decisions on the merits, that court must provide a detailed opinion explaining its decision whenever it denies an appeal petition.[3] However, this argument incorrectly equates the Virginia high court's exercise of discretionary appellate review with "discretion to apply substantive Virginia law or not." Hearing Transcript, 10:19-20 (Dkt. No. 24). Judges of the Virginia Supreme Court are bound to apply federal constitutional law and in some cases, federal statutory law, as well as the constitutional,

---

[3] Appellate review of civil actions by the Virginia Supreme Court is discretionary. After a litigant files a petition to appeal a circuit court's decision, as the plaintiff did here, the Virginia high court decides whether to grant or deny the petition. Rule 5:17 of the Rules of the Supreme Court of Virginia provides that appellants are "entitled to state orally, in person or by telephone conference call, to a panel of this Court the reasons why the petition for appeal should be granted." Rule 5:17(j)(1). Judges typically sit in panels of three to hear oral argument in petitions for appeal.

7

statutory, and common law of the Commonwealth of Virginia. That obligation adheres whether the judge issues a lengthy opinion or a one-page order. Moreover, Plaintiff cites no authority supporting the existence of a substantive due process right to detailed judicial opinions whenever a case is decided on the merits.

On these facts, the Court cannot find that there is an independent basis for jurisdiction under § 1983, nor is there a substantial controversy in this declaratory judgment action. The first two elements of the test for declaratory judgment jurisdiction are therefore not satisfied. Even if the first two elements were met, it would almost certainly be an abuse of this Court's discretion to exercise jurisdiction in this case. Plaintiff asks the Court to declare that state courts in Virginia may not constitutionally issue decisions via short orders and must instead provide detailed opinions in order to satisfy due process. Such relief would be drastic and does not accord with the principle of separation of powers. For that reason, this Court would exercise its discretion to decline to hear the case even if the elements of declaratory jurisdiction were satisfied.

## B. The Rooker Feldman Doctrine

The Rooker-Feldman doctrine prevents district courts from directly reviewing state court judgments. "The controlling question in a *Rooker-Feldman* analysis 'is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision.' " *Bey ex rel. Graves-Bey v. Jacobs*, 2014 WL 3871348, at *3 (E.D. Va. Aug. 6, 2014) (quoting *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir.1997))). The doctrine applies in cases where the state court loser brings a federal court action "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiff "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgments as a § 1983 claim." *Jordahl*, 122 F.3d 192 at 202. Whether the plaintiff is asking the district court to review a state court judgment depends on whether the claims are " 'inextricably intertwined' with the merits of a state court decision." *Id.* (quoting *Leonard v. Suthard*, 927 F.2d 168, 169-70 (4th Cir. 1991)).

To the extent plaintiff argues that the Virginia courts dismissed its claims in violation of Virginia law, this action is effectively a collateral attack on the merits of the state court judgments. Leiser asks this Court to declare that the Virginia circuit court was wrong to dismiss Leiser's claims as a matter of Virginia law and that the Virginia Supreme Court erred by affirming the circuit court. For example, the amended complaint alleges that the Virginia Supreme Court erred by dismissing Leiser's petition for appeal because there was a substantial likelihood that the trial court committed reversible error under Virginia common law. Pl.'s Am. Compl., ¶ J. In other words, Plaintiff asks this Court to pass upon the merits of the Virginia Supreme Court's ruling on substantive Virginia law. Such a ruling would violate the jurisdictional bar of *Rooker-Feldman*.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim (Dkt. No. 14) is GRANTED. Plaintiff has not met the requirements for establishing jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, because there are no facts showing that an actual case or controversy exists or that there is an independent basis for jurisdiction supporting the claims under 42 U.S.C.

§1983. Even if the requirements of jurisdiction were met, the Court would decline to exercise its discretionary declaratory jurisdiction. With respect to Plaintiff's substantive claim that the state court judgments were in error under Virginia law, this Court lacks jurisdiction to act as an appellate tribunal reviewing the judgments of the Supreme Court of Virginia.

An appropriate order shall issue.

Date: April 28, 2015

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge